**MENG MEI LIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 05–6714–ag.

United States Court of Appeals, Second Circuit.

Sept. 10, 2008.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, NY, for Petitioner.

Rodger A. Heaton, United States Attorney for the Central District of Illinois; Hilary W. Frooman, Assistant United States Attorney, Springfield, IL, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Meng Mei Lin, a native and citizen of the People's Republic of China, seeks review of a December 7, 2005 order of the BIA affirming the May 26, 2004 decision of Immigration Judge ("IJ") Alan A. Vomacka, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Meng Mei Lin,* No. A79 456 544 (B.I.A. Dec. 7, 2005), *aff'g* No. A79 456 544 (Immig. Ct. N.Y. City May 26, 2004). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA affirmed the IJ's adverse credibility determination, but rejected his frivolousness finding. Thus, we review only the IJ's adverse credibility determination. We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007).

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

The agency's adverse credibility determination is supported by substantial evidence. We generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements . . . about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Xiao Ji Chen v. U.S. Dept. of Justice*, 471 F.3d 315, 334 (2d Cir.2006). Here, Lin's claim was based entirely on her alleged forced IUD insertion and abortion. However, she failed to mention these incidents at either her airport or credible fear interviews. That omission is substantial because it casts doubt on whether Lin was ever persecuted by the family planning authorities in China. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–309 (2d Cir.2003) *abrogated in part by Xiu Xia Lin v. Mukasey*, 534 F.3d 162 (2d Cir.2008). Accordingly, the IJ's adverse credibility determination was supported by substantial evidence and he properly denied Lin's asylum application. *Xiao Ji Chen*, 471 F.3d at 334. Further, because Lin based her withholding of removal and CAT claims on the same evidence she used to substantiate her asylum claim, and the IJ properly found that this evidence lacked credibility, her withholding of removal and CAT claims necessarily fail.[2] *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

2. Because the adverse credibility determination is dispositive of Lin's CAT claim, we decline to consider her argument that the agency committed legal error when it failed to perform a separate CAT analysis. *C.f. Paul*, 444 F.3d at 156.